Matter of Bander (2024 NY Slip Op 04283)

Matter of Bander

2024 NY Slip Op 04283

Decided on August 22, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 22, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter H. Moulton,J.P.,
David Friedman
Barbara R. Kapnick
Lizbeth González
Manuel J. Mendez, JJ.

Motion No. 2024-02618 Case No. 2024-03419 

[*1]In the Matter of Stephen M. Bander (Admitted as Stephen Matthew Bander), An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Stephen M. Bander (OCA Atty. Reg. No. 2920189), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Stephen M. Bander, was admitted, as Stephen Matthew Bander, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 24, 1998.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Eric Sun, Esq., of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent, Stephen Matthew Bander, was admitted to the practice of law in the State of New York by the First Judicial Department on September 24, 1998, to the Florida Bar on January 28, 1999, under the name Stephen Matthew Bander, and at all relevant times, maintained an office for the practice of law in the State of Florida. This Court retains jurisdiction over respondent as the admitting Department (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
In 2015, the Securities and Exchange Commission (SEC) commenced an investigation of respondent's firm for acting as an unregistered broker-dealer in connection with representation of clients seeking United States residency through the Immigrant Investor Program (IIP), also known as the EB-5 visa program, and instituted cease and desist proceedings against respondent and the law firm. On August 17, 2015, respondent, on behalf of the firm, executed an Offer of Settlement prohibiting the firm from receiving any commissions or compensation in connection with the EB-5 program.
Respondent and the firm continued to provide EB-5 program services, and three months after signing the Offer of Settlement represented three clients that sought to obtain U.S. residency through the EB-5 visa program. The clients invested through an EB-5 Regional Center, Miami Metropolitan Regional Center (MMRC), in a project called the Skyrise Miami Tower Investors, LLC (Skyrise). MMRC and Skyrise (hereinafter jointly referred to as MMRC) offered to pay the three clients' fees related to the visas. Respondent billed each of the clients $25,000.00 for his firm's representation with half the fee due when the clients signed their representation agreement, and the second half due when the United States Citizenship and Immigration Services rendered a determination on the visa applications. Respondent also sent invoices to MMRC. The invoices were promptly paid by each of the three clients and by MMRC, which between 2015 and 2017, made $90,000.00 in payments for respondent's legal fees after the clients had paid those same fees.
Respondent placed the payments received from MMRC into his operating account to fund firm expenses. It was only after the SEC reopened the investigation of respondent's firm in 2017, that respondent notified the clients they were entitled to reimbursements and sent them refunds. After the investigation, the SEC filed a grievance [*2]with the Florida Bar against respondent, which caused the Florida Bar Staff Auditor's review of respondent's financial records.
On January 5, 2021, the Florida Bar filed a complaint in the Supreme Court of Florida containing five charges against respondent which he moved to dismiss. A Referee, who was appointed to resolve the motions, issued a report dated February 15, 2022. The Referee determined that respondent violated five Florida Bar Rules, specifically: 4-1.4 (communication), for failure to advise his clients of his receipt of reimbursement from MMRC and to advise the clients that they would receive reimbursements from MMRC; 4-1.7 (conflict of interest, current clients); 4-1.8 (conflict of interest, prohibited and other transactions) because of the conflict of interest that arose between respondent and his clients regarding personal use of the MMRC payments, the recommendation of MMRC as an investment vehicle to his clients, and his failure to obtain the clients' written waiver of conflict and informed consent regarding respondent's use of the funds for his own personal expenses; 4-8.4(c) (misconduct); and 5-1.1 (trust accounts) for the commingling of funds, and recommended that respondent be disbarred.[FN1]
Respondent sought review of the Referee's decision from the Supreme Court of Florida, challenging the findings of fact and recommendation to disbar. Respondent argued that his conduct did not violate any of the Florida Bar rules and alternatively, that disbarment is a disproportionate sanction. The Supreme Court of Florida, by decision dated May 11, 2023, approved the Referee's report in its entirety and disbarred respondent from the practice of law effective within 30 days of the Supreme Court's decision. On May 12, 2023, respondent notified the Attorney Grievance Committee (AGC) of his disbarment in Florida as required by 22 NYCRR 1240.13(d).
The AGC now moves for an order pursuant to 22 NYCRR 1240.13 (a) and (b) and the doctrine of reciprocal discipline, to disbar respondent for the underlying misconduct or alternatively for an appropriate sanction. The AGC asserts that respondent's misconduct in Florida constitutes violations of the New York Rules of Professional Conduct (22 NYCRR 1200.0), specifically, that respondent violated the following rules: 1.8(f)(1), "A lawyer shall not accept compensation for representing a client, or anything of value related to the lawyer's representation of the client, from one other than the client unless the client gives informed consent"; 1.15 (a), "A lawyer in possession of funds or other property belonging to another person, where such possession is incident to his or her practice of law, is a fiduciary and must not misappropriate such funds or property or commingle such funds or property with his or her own"; 1.15 (c)(1),"A lawyer shall promptly notify the client or third person of the receipt of funds, securities, or other properties in which the client or third person has an interest"; [*3]and 8.4(c), "A lawyer or law firm shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Additionally, the AGC asserts that in cases involving intentional misappropriation similar to that of respondent, this Court has consistently disbarred the attorney. Respondent consented to being served with a copy of this motion by email and did not make an appearance or otherwise oppose the relief sought by the AGC.
Pursuant to 22 NYCRR 1240.13, respondent may raise three defenses, specifically: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state. None of the aforementioned enumerated defenses are available to the respondent notwithstanding the failure to assert any defenses. Respondent had notice and opportunity to be heard, and there was no deprivation of due process. He engaged in extensive litigation in Florida, had two days of hearings before the referee, and the Supreme Court of Florida approved all aspects of the referee's report prior to his disbarment. There was no infirmity in the proof establishing respondent's misconduct. The evidence presented in Florida included the investigations by the SEC and the Florida Bar Staff Auditor's review of respondent's financial records, testimony of his bookkeeper that respondent directed entries and was aware of discrepancies, and he admitted that the material facts underlying his alleged misappropriation of funds were true. Finally, the misconduct respondent was disciplined for in Florida constitutes misconduct in the State of New York.
The AGC established that respondent's misconduct in Florida constitutes violations of NY Rule 1.8(f)(1), NY Rule 1.15 (a), NY Rule 1.15 (c)(1), and NY Rule 8.4(c).
As such, the only remaining issue is the appropriate sanction to be imposed on respondent. This Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; see Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Disbarment, as requested by the AGC, is the appropriate sanction herein as it is commensurate with the discipline imposed by the Supreme Court of Florida and is in general accord with precedent involving arguably comparable misconduct (see Matter of Saldana, 218 AD3d 60, 61 [1st Dept 2023]; Matter of Hamburg, 168 AD3d 112, 113-114 [1st Dept 2019]; Matter of Desir, 163 AD3d 52, 53-54 [1st Dept 2018]).
Accordingly, the AGC's motion pursuant to 22 NYCRR 1240.13 (a) and (b) and the doctrine of reciprocal discipline should be granted, respondent disbarred, and his name stricken from the roll of [*4]attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 11, 2023.
All concur.
Wherefore, it is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of Florida, is granted, and respondent Stephen M. Bander, admitted as Stephen Matthew Bander, is disbarred, and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to May 11, 2023, and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Stephen M. Bander, admitted as Stephen Matthew Bander, is commanded to desist and refrain from: (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Stephen M. Bander, admitted as Stephen Matthew Bander, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see NYCRR 1240.15), and
It is further Ordered that if respondent Stephen M. Bander, admitted as Stephen Matthew Bander, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: August 22, 2024

Footnotes

Footnote 1: The Referee held hearings November 23 and 24, 2021.